UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA,      ) | |
| ) | |
| Plaintiff,      ) | No. 6:16-CR-22-CHB-HAI |
| ) | |
| v.      ) | |
| ) | RECOMMENDED DISPOSITION |
| WILLIE MCCLOUD,      ) | |
| ) | |
| Defendant.      ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On November 7, 2022, District Judge Boom construed Defendant Willie McCloud's letter to the Court (D.E. 113) as a *pro se* motion to reduce his sentence and referred the matter to the undersigned. D.E. 112. Defendant indicates that he has completed BOP classes such as RDAP and the Automotive Vocational Training Program. D.E. 113 at 1. Defendant states that he has requested placement in a halfway house through his case manager, but he has not received a transition date. *Id.* Defendant further states that he has sent "cop-outs" to his chain of command, but has not received a response. *Id.* Based on these circumstances, Defendant requests a reduction to his sentence. *Id.* at 2.

The government has responded in opposition, arguing that the described circumstances do not warrant modification of Judge Boom's denials of Defendant's two prior motions for compassionate release. D.E. 115 at 1. The government also indicates that Defendant's release date for a halfway house was previously set but subsequently canceled due to an active bench warrant from the Jacksonville Florida Sheriff's Office. *Id.*

Defendant has not identified any legal authority that would warrant revisiting Judge Boom's previous orders or otherwise allow him to obtain the relief he seeks. To the extent

Defendant is seeking a sentence reduction under 18 U.S.C. § 3621(e), the decision to reduce a prisoner's sentence after his successful completion of RDAP is at the sole discretion of the BOP. *See United States v. Stewart*, Criminal Action No. 5:01-CR-38, 2022 WL 5212859, at *1 (E.D. Ky. Oct. 5, 2022) (holding that section 3621(e) "still affords the Bureau complete discretion to require Petitioner to serve his full sentence") (quoting *Kmet v. Sec'y of D.H.S.*, No. CV 19-19307 (RBK), 2020 WL 1685610, at *2 (D.N.J. Apr. 7, 2020)). Thus, Defendant cannot obtain a sentence reduction under § 3621(e) through this Court.

Accordingly, the undersigned **RECOMMENDS** that Defendant's motion (D.E. 113) be **DENIED**. Any objection to this recommendation must be asserted in response to this Recommended Disposition. The Court directs the parties to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. Within **fourteen days** after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Judge. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019).

This the 17th day of November, 2022.

Signed By:
Hanly A. Ingram
United States Magistrate Judge