UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | No. 6:16-CR-22-CHB-HAI |
| v. | ) ) ) | ORDER & RECOMMENDED DISPOSITION |
| WILLIE MCCLOUD, | ) ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On January 30, 2023, District Judge Boom referred Defendant Willie McCloud's letter to the Court (D.E. 119) to the undersigned. D.E. 118. Defendant indicates that a warrant from Florida prevented his scheduled release to a halfway house in November 2022. D.E. 119 at 1. Defendant also states that the warrant has since been resolved, but he has not been scheduled for release. *Id.* Defendant requests that the Court intervene and grant him immediate release. *Id.*

The government has responded in opposition, indicating that it has been in contact with counsel for the BOP. D.E. 121. Counsel for the BOP stated that Defendant "is not entitled to immediate release and explained that the confusion may have stemmed from the Bureau of Prisons' previously incorrectly classifying him as eligible for First Step Act Earned Time Credits ('ETC')." *Id.* at 1. The government further explains that Defendant is barred from application of ETC under 18 U.S.C. § 3632(d)(4)(D)(lviii), due to his conviction under the Controlled Substances Act for distribution of fentanyl resulting in serious bodily injury. *Id.*; *see also* D.E. 98 at 1 (Defendant's Judgment). Thus, the government indicates that an early release date for February 2023 was inaccurate and relayed in error. *Id.* Further, the government indicates that Defendant has a home detention eligibility date of August 18, 2023. *Id.* at 2. The government

attached to its response a copy of the BOP's sentence computation for Defendant, which confirms he is ineligible for FSA ETC and indicates his home detention eligibility date is August 14, 2023. D.E. 121-1.

On February 10, 2023, the Court received Defendant's "follow-up" letter, dated February 4, 2023, which indicates that he has now been informed by BOP staff that he is ineligible to receive FSA ETC. Defendant states that he is concerned this change may be in retaliation for him seeking relief.

Defendant has not identified any legal authority that would warrant the Court's intervention or otherwise allow him to obtain the relief he seeks. As to his concerns of retaliation, Defendant was never eligible to receive FSA ETC based on his conviction for distributing fentanyl resulting in serious bodily injury. *See* 18 U.S.C. § 3632(d)(4)(D)(lviii); D.E. 98 at 1. Any communication made to him to the contrary was by mistake.

The Court hereby **DIRECTS** the Clerk to file Defendant's February 4 letter in the record. Further, the undersigned **RECOMMENDS** that Defendant's request (D.E. 119) be **DENIED**. Any objection to this recommendation must be asserted in response to this Recommended Disposition. The Court directs the parties to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. Within **fourteen days** after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Judge. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019).

This the 10th day of February, 2023.

Signed By:
Hanly A. Ingram
United States Magistrate Judge