UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | )<br>)<br>) | Criminal Action No. 6:16-CR-022-CHB-HAI-1 |
| v. | )<br>) | |
| WILLIE MCCLOUD, | )<br>) | **ORDER ADOPTING RECOMMENDED DISPOSITION** |
| Defendant. | )<br>) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Recommended Disposition of United States Magistrate Judge Hanly A. Ingram regarding letters filed by Defendant Willie McCloud. [*See* R. 122 (addressing R. 119; R. 123)]. Through those filings, McCloud challenges the computation of his sentence. [*See* R. 119; R. 123]. Specifically, he writes the Court about his "FSA [First Step Act] credit being taken away from [him] without merit." [R. 119, p. 1].

The United States responded to the substance of Defendant's arguments, representing that Bureau of Prisons counsel "advised that McCloud is not entitled to immediate release and explained that the confusion may have stemmed from the Bureau of Prisons[] previously incorrectly classifying him as eligible for First Step Act Earned Time Credits." [*See* R. 121, p. 1]. The government also filed a copy of the Bureau of Prisons' sentence computation for Defendant. [*See* R. 121-1].

On February 10, 2023, Magistrate Judge Ingram recommended that Defendant's request for relief be denied. [*See* R. 122]. Defendant was given fourteen days to file written objections to the recommended disposition; none were filed, and the time for doing so has passed. [*See id.*].

Generally, this Court must make a *de novo* determination of those portions of the recommended disposition to which objections are made. 28 U.S.C. § 636(b)(1). When no objections are made, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a *de novo* or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Parties who fail to object to a Magistrate Judge's recommended disposition are also barred from appealing a district court's order adopting that recommended disposition. *United States v. White*, 874 F.3d 490, 495 (6th Cir. 2017); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).

Nevertheless, this Court has examined the record and agrees with Magistrate Judge Ingram's recommendation. Indeed, his analysis is sound, for, as explained by the United States, any communication to Defendant of "an early release date for February 2023 was inaccurate and relayed in error." [*Id.* (quoting R. 121)]. Accordingly, and the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

1. The Recommended Disposition **[R. 122]** is **ADOPTED** as the opinion of this Court.

2. Defendant's request for relief contained in his letters **[R. 119; R. 123]** is **DENIED**.

This the 16th day of March, 2023.

*Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY